IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LOCORREY RUSSELL, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| ERIC K. DUNAWAY, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:15-CV-2097-WSD-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner is a pre-trial detainee at the DeKalb County Jail in Decatur, Georgia. Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, (Doc. 1), and leave to proceed *in forma pauperis* ("IFP"), (Doc. 2).  Because Petitioner's IFP application demonstrates that he cannot pay the filing fee, the Court **GRANTS** him leave to proceed IFP.

Petitioner states that he was arrested on February 27, 2015, and charged with aggravated assault. (Doc. 1 at 7.) Ryan Meck, a lawyer with the public defender's office, was appointed to represent Petitioner. (*Id.* at 1.)  On March 12, 2015, a preliminary hearing was held, but another lawyer in the public defender's office represented Petitioner at that hearing. (*Id.* at 7.)  Petitioner waived his right to a preliminary hearing that day. (*Id.* at 22-24.)

On May 5, 2015, the superior court reduced Petitioner's bail from $20,000 to $10,000. (*Id.* at 14-15, 18-19.) Petitioner is unable to pay that amount and believes it to be excessive. (*Id.*) Petitioner has asked Meck to file a demand for indictment, but Meck has not done so. (*Id.* at 7-8.) In April and May 2015, Petitioner submitted, pro se, a demand for indictment and motions to reduce bail and to dismiss the criminal case. (*Id.* at 7-8, 16-20.) Petitioner contends that the superior court has filed none of those documents. (*Id.* at 7-8.)

Because Meck allegedly refuses to file with the superior court the items listed above and Petitioner has not been indicted, Petitioner asks this Court to dismiss his criminal case and order his release. (*Id.* at 6-7.) The Court cannot grant that relief for at least two reasons.

First, the Court cannot override the superior court's bail order or otherwise interfere with the criminal case. Abstention principles generally prohibit federal courts from granting relief that interferes with a pending prosecution in state court. *Younger v. Harris*, 401 U.S. 37, 41 (1971). "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Turner v. Broward Sheriff's Office*,

542 F. App'x 764, 766 (11th Cir. 2013). The record of the proceedings in the superior court demonstrate that all of those factors are present here.

Second, Petitioner cannot obtain habeas relief from this Court until he exhausts his remedies in state court. *See* 28 U.S.C. §§ 2241, 2254(b)(1) (requiring exhaustion of state remedies as a prerequisite to habeas relief from state custody); *Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). If Petitioner's current confinement is illegal and warrants relief now, at least two remedies are available to him under Georgia law. First, "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus [from Georgia courts] to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). Second, a criminal defendant who believes there have been irregularities in his criminal case may seek a writ of mandamus from Georgia courts. O.C.G.A. § 9-6-20; *see Howard v. State*, 399 S.E.2d 283 (Ga. Ct. App. 1990) (pre-trial interlocutory appeal of bail decision). There is no indication that Petitioner has pursued any of those remedies available to him under state law.

Petitioner's criminal case is in the early stages as it is less than four months old. Petitioner must pursue his efforts at release, via bail or otherwise, in the state courts

AO 72A
(Rev.8/82)

and exhaust all state remedies before seeking relief in federal court. Because Petitioner has not done so and because the Court must abstain from interfering with the state criminal case, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED & RECOMMENDED** this 18 day of June , 2015.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

4