IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LOCORREY RUSSELL,

Petitioner,

v.                                                    1:15-cv-2097-WSD

ERIC K. DUNAWAY, Asst D.A.,

Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [3] ("R&R").  The R&R recommends that the Court deny Petitioner LoCorrey Russell's ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2241 [1] ("Habeas Petition").

## I.    BACKGROUND

On June 11, 2015, Petitioner filed his Habeas Petition and application to appeal *in forma pauperis* [2].  Petitioner seeks dismissal of his state court criminal case and release from state custody.  (Pet. at 6-7).

On June 19, 2015, the Magistrate Judge issued her R&R.  In it, the Magistrate Judge found that the Court cannot grant the relief Petitioner seeks because (1) the Court cannot interfere with Petitioner's state court criminal case,

and (2) Petitioner cannot obtain habeas relief from the Court until he exhausts his remedies in state court.

Petitioner did not file any objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Petitioner did not object to the R&R, and the Court thus conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.   Analysis

The Court agrees with the Magistrate Judge's determination.  Abstention principles generally prohibit federal courts from granting relief that interferes with a pending prosecution in state court.  Younger v. Harris, 401 U.S. 37, 41 (1971). Younger abstention is required when "(1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise

constitutional challenges." <u>Turner v. Broward Sheriff's Office</u>, 542 F. App'x 764, 766 (11th Cir. 2013).  The Magistrate Judge determined that the record of the proceedings in the superior court demonstrate that all of the <u>Younger</u> factors are present here.  The Court finds no plain error in this finding and recommendation. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The Court also agrees with the Magistrate Judge's finding that Petitioner must exhaust his state court remedies before seeking habeas relief in federal court. <u>See</u> 28 U.S.C. §§ 2241, 2254(b)(1) (requiring exhaustion of state remedies as a prerequisite to habeas relief from state custody).  The Court finds no plain error in the Magistrate Judge's findings and recommendation, and Petitioner's Habeas Petition is denied.  <u>See</u> <u>Slay</u>, 714 F.2d at 1095.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 24th day of March, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE